**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 48522)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 49422)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL KOZIEJA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMDATA INC.,<br><br>Defendant. | Case No.: '18CV2533 LAB NLS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The plaintiff DANIEL KOZIEJA ("Mr. Kozieja" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant COMDATA INC. ("Comdata" or "Defendant") in negligently and/or intentionally contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 because Comdata:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws by conducting business in this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district; and

    (d) Plaintiff was harmed by Defendant's conduct within this judicial district.

## PARTIES

4. Mr. Kozieja is, and at all times relevant was, a citizen and resident of the State of California, County of San Diego, City of Lemon Grove, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is informed and believes, and thereon alleges, that Comdata is, and at all times mentioned herein was, a privately held Delaware corporation

1  with its principal place of business in Brentwood, Tennessee, is a "person" as
2  defined by 47 U.S.C. § 153(39).

3  6. Upon information and belief, Comdata is an active, registered
4  corporation with the State of California's Secretary of State, and has a registered
5  agent for service in Sacramento, California.

6  7. Plaintiff alleges that at all times relevant herein, Defendant conducted
7  business in the State of California and in the County of San Diego, and within this
8  judicial district.

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff did not have a business relationship with Comdata.

9. On or about August 15, 2018, at approximately 1:21 p.m., Comdata began sending Plaintiff text messages to his cellular telephone ending in "3058", from the short code 303-52. The August 15, 2018, text message read:

> Comdata Maintenance Alert: Alerta de Comdata Mantenimiento 09/16/18 from 12am-12pmCST ATM, Cash & Pin based transactions will be unavailable during this time.

10. Plaintiff received two more identical text messages, one on or about August 17, 2018, at approximately 8:16 a.m. and on or about September 9, 2018, at approximately 12:06 p.m.

11. Annoyed by the repeated, frequent text messages, Plaintiff replied to the September 9, 2018, text message with "STOP".

12. Defendant immediately responded to that "STOP" text message as follows:

> Comdata Alert: You have opted out and will no longer received [*sic*] messages. Reply HELP to contract Customer Service @ 888.265.8228.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

13. Despite having confirmed the request for text messages to cease, less than a week later Plaintiff received another text message from the 303-52 short code used or owned by Defendant. Specifically, on or around September 15, 2018, at approximately 7:49 a.m. Plaintiff received a text message identical to the September 9, 2018, text message.

14. Now extremely annoyed and frustrated, Plaintiff again responded to the text message with the word "STOP", to which Defendant provided an identical text message stating that Plaintiff had opted out of receiving text messages and would no longer receive messages.

15. However, these unwanted text message did not stop, as Plaintiff received several more identical text messages, including on or about September 21, 2018, at approximately 5:21 p.m.; on or about October 17, 2018, at approximately 10:23 a.m.; and on or about October 19, 2018, at approximately 6:06 p.m.

16. In response to each and every text message since September 9, 2018, Plaintiff has requested that the text messages cease by responding with "STOP". Despite Comdata's acknowledgment of this request, Comdata continues to send unwanted Plaintiff text messages to Plaintiff's cell phone.

17. Upon information and belief, Comdata sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited text messages *en masse* to thousands of customers' cellular telephones nationwide.

18. Upon information and belief, Comdata constructed the content of these text messages, and decided the timing of the sending of the message campaign.

19. Comdata sent each of the aforementioned text messages to Plaintiff's cellular telephone using short message script ("SMS") messaging technology, specifically SMS "303-52".

20. Upon information and belief, this SMS short code is registered as belonging to Comdata.

21. Also, the telephone number "888.265.8228" is listed on Comdata's website as being its Customer Service contact number.

22. The text messages sent to Plaintiff was impersonal.

23. Upon information and belief, the text messages were based on a template.

24. Upon information and belief, the automated text messaging system used by Comdata to send the text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. Upon information and belief, the automated text messaging system used by Comdata to send the text messages also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

26. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge, as prohibited by 47 U.S.C. § 227(b)(1).

28. Defendant did not have prior express consent to send the text messages to Plaintiff's cell phone, especially after Plaintiff had clearly and expressly requested on multiple occasions that Comdata cease sending text messages.

29. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

30. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with text message using an ATDS without his prior express consent to

receive such text messages, and even after telling Defendant to stop sending text messages repeatedly. This invaded Plaintiff's right to privacy.

31. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

32. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Comdata and/or Comdata's agent(s), with Comdata's permission, knowledge and/or control.

33. The text messages from Comdata, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.

35. Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s using short code 303-52 to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of this Complaint.

36. Plaintiff also represents, and is a member of the subclass (the "Subclass"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s using short code 303-52 to said person's cellular telephone made through the use of any automatic telephone dialing system, following a written request to cease contacting their cellular telephone phone (e.g.,

through a "STOP" text message), within the four years prior to the filing of this Complaint.

37. Defendant and its employees or agents are excluded from the Class and Subclass. Plaintiff does not know the number of members in the Class or Subclass, but believes the members of the Class and Subclass number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Class and Subclass were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class and Subclass via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class and Subclass members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the members of the Class and Subclass previously paid, and invading the privacy of said Plaintiff and the members of the Class and Subclass. Plaintiff and the members of the Class and Subclass were damaged thereby.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Subclass, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the members of the Class and Subclass is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class and Subclass can be identified through records of Defendant and/or its agents and records of wireless telephone carriers.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class and Subclass predominate over questions which may affect individual members of the Class and Subclass, including the following:

(a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) sent any text messages without the prior express written express consent of the called party to members of the Class and Subclass using an automatic dialing system;

(b) Whether Defendant sent text messages to members of the Subclass after Defendant was instructed to stop sending text messages;

(c) Whether Defendant can meet its burden of showing Defendant obtained prior express consent;

(d) Whether Defendant's conduct was knowing and/or willful;

(e) Whether Plaintiff and the members of the Class and Subclass were damaged thereby, and the extent of damages for such violation; and

(f) Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

42. As a person who received at least one text message from Comdata using an ATDS without Plaintiff's prior express consent, including after multiple requests for the text messages to cease, Plaintiff is asserting claims that are typical of the Class and the Subclass.

43. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass in that Plaintiff has no interest antagonistic to any member of the Class or Subclass.

44. Plaintiff and the members of the Class and Subclass have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class and Subclass will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of each individual Class member's claims, few, if any, members of the Class and Subclass could afford to seek legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class and Subclass in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

47. Notice may be provided to the Class and Subclass members by direct mail and/or email notice, publication notice and by other reasonable means.

48. Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class and Subclass are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the Class and Subclass are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class and Subclass are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff and the Class and Subclass are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class and Subclass members pray for judgment against Defendant and the following relief:

- An order certifying the Class and Subclass as requested herein;

- An order appointing Plaintiff to serve as the representative of the Class and Subclass in this matter and appointing Plaintiff's Counsel as Class and Subclass Counsel in this matter;
- An award of $500.00 in statutory damages to Plaintiff and each Class and Subclass member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $1,500.00 in statutory damages to Plaintiff and each Class and Subclass member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pre-judgment and post-judgment interest;
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- An award of reasonable costs of suit;
- An award of reasonable attorneys' fees;
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

57. Pursuant to the eleventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 5, 2018                     Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/ ABBAS KAZEROUNIAN
        ABBAS KAZEROUNIAN
        ATTORNEY FOR PLAINTIFF